L. & N. R. R. Co. *v.* Melton.

L. & N. R. R. Co. *v.* D. M. MELTON.

RAILROAD. *Headlight. Lookout.* If the headlight of a train running at night is so obscured by rain or other natural causes that the "lookout" cannot see ahead, there being no defect in the headlight or fault on the part of those in charge of the train, it is error to instruct the jury that the company is without more liable for all the consequences because of running the train on such a night.

FROM HENRY.

Appeal in error from the Circuit Court of Henry County.   J. R. HAWKINS, J.

COLE & SWEENEY for railroad company.

ADEN & FRYER for Melton.

McFARLAND, J., delivered the opinion of the court.

This is an action for killing stock, verdict and judgment for the plaintiff.   The defendant undertook to prove by the engineer and fireman on the train at the time of the accident, that they were in the observance of all the statutory precautions.   They admit, however, that on the lookout ahead they did not see the stock at the time it was struck.   They explain this by stating it was in the night and raining hard, and the rain so obscured the headlight that they could not see any considerable distance ahead.

In reference to this the circuit judge said in his charge to the jury, " But it is insisted by the defend-

ant that upon the night of the accident it was a very dark night, and the rain was falling and beat upon the headlight in such manner that no object could be seen upon the road ahead of the engine at any distance whatever. If this is "true," says the Judge, "and the defendants ran their train upon such a night, and ran over plaintiff's stock, they would be liable for the consequent damages; or if they ran their train when no object could be discerned ahead of it, they done so at their own peril."

We are constrained to hold this proposition, in the unqualified form in which it was presented, to be erroneous. The precautions of the statute must undoubtedly be observed in good faith. The lookout ahead must not be a man whose eyesight is defective; he must occupy a position to enable him to see ahead to the best advantage. And the engine no doubt should be supplied with the best headlight the state of art affords. But we cannot admit that if the light becomes obscure from natural causes, without any defect in the light and appurtenances, without any fault upon the part of the employees, that in all cases as matter of law, the company is to be liable for the consequences — or in other words, they cannot run on a dark night. Instances might occur in which danger from collision and otherwise might imperatively demand that the train proceed at all events, and it would be difficult to lay down any rule by which it might be determined how far ahead the light should be thrown to make it lawful for the train to run.

We do not say that cases might not arise where

from peril arising from natural causes, it would be negligent to run trains at all, but questions of this kind should be left to the jury upon all the facts and surrounding circumstances.

Of course the question whether the excuse given in this case for not seeing the stock, was a real and valid excuse supported by the facts, or a feigned excuse, was a question for the jury.

It is argued for the plaintiff, that the verdict of the jury is well sustained, and could be fully maintained with a different charge upon this question. Whatever might be our opinion in this respect, we cannot say what would have been the verdict of the jury had the charge been correct.

The judgment must be reversed and a new trial awarded.